

# The Attorney General of Texas

November 30, 1979

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Felipe Reyna
Criminal District Attorney
McLennan County Courthouse
Waco, Texas 76701

Opinion No. MW-92

Re: Distribution and use of judicial district funds.

Dear Mr. Reyna:

You ask whether judicial district funds for adult probation services, which include probation fees and state aid funds, may be used for the payment of normal service and maintenance costs on equipment provided to an adult probation department by a county.

Section 10(f) of article 42.12 of the Texas Code of Criminal Procedure states in part:

> It shall be the responsibility of the county or counties comprising the judicial district or geographical area served by such district probation department to provide physical facilities, equipment, and utilities for an effective and professional adult probation and adult community-based correctional service.

Attorney General Opinion H-1218 (1978) determined that section 10(f) "requires the counties to provide, from their own funds and not from probation fees, the physical facilities, equipment, and utilities needed for the probation office." The statutory requirement to provide equipment is a continuing one, and we believe the requirement that a county provide equipment to the adult probation office encompasses the duty to maintain the equipment. Pursuant to its rule-making authority in section 3.01 of article 42.121, the Texas Adult Probation Commission has promulgated a standard requiring that each probation officer be provided with "adequate" equipment. Standard 608.01.00.070a, 3 Tex. Reg. 1580 (1978). We believe "adequate equipment" means equipment in good repair. In our opinion, the county's duty to provide equipment includes the implied duty to maintain it properly.

## S U M M A R Y

Counties are responsible for maintaining and repairing the equipment they provide adult probation departments pursuant to section 10(f) of article 42.12 of the Code of Criminal Procedure.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Susan Garrison
and Linda Hall
Assistant Attorneys General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Susan Garrison
Rick Gilpin
Linda Hall
William G Reid
Bruce Youngblood